James R. Meyer, Esq. Town Attorney, Kingston
You have asked whether a person currently serving as the bookkeeper/secretary to the town supervisor and as the justice court clerk may also serve as a town councilperson.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town board is the legislative and administrative arm of town government and in that role is responsible for hiring and supervising employees and for the adoption of the budget which includes compensation levels for town employees. In this capacity, the town board establishes non-judicial positions for the town justice court (Uniform Justice Court Act, § 109). The establishment of the position of justice court clerk is entirely in the discretion of the local governing body, in this case the town board (Siegel Practice Commentary, McKinney's Uniform Justice Court Act, § 109 supp). Thus, the town board has discretion to employ a clerk for the justice court and is responsible for determining the compensation to be paid to that employee. Similarly, the bookkeeper/secretary receives compensation for his services that is fixed by the town board (Town Law, § 29 [15]).
In our view, one person may not hold simultaneously the positions of bookkeeper/secretary to the supervisor, justice court clerk and town councilperson. In his status as town board member, the individual would be responsible for establishing his own compensation in the other two positions and would to some extent be responsible for supervising himself.
We conclude that a person may not hold simultaneously the positions of town councilperson, bookkeeper/secretary to the supervisor and justice court clerk.